IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>MEDARDO VALDEZ VALENZUELA<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS**<br><br><br><br><br><br><br><br>Case No. 1:09-CR-82<br><br>Judge Dee Benson |

Before the court are two motions by the defendant. First, the defendant moves the court to suppress all evidence obtained through the execution of a search warrant and for an evidentiary hearing on the matter. (Dkt. No. 61). Second, the defendant moves the court to suppress all evidence obtained through the interception of electronic communications. (Dkt. No. 65).

## BACKGROUND

On August 11, 2009, Drug Enforcement Administration ("DEA") Task Force Officer Sarah S. McCaslin submitted an affidavit and application to the Fourth Judicial District Court, El Paso County, Colorado ("Colorado District Court"), for an order authorizing interception of wire

1

and electronic communications to and from the cellular telephone number 801-509-0620. The affidavit describes the DEA's investigation into a significant heroin trafficking organization in the Colorado Springs area and describes several telephone conversations giving rise to the affidavit for a wiretap.

A magistrate judge for the Colorado District Court issued a wiretap order on the subject telephone. Pursuant to the wiretap order, the Colorado Springs DEA Task Force intercepted electronic communications from August 13, 2009, to September 10, 2009. Through the wiretap, the DEA learned the identity and place of residence of the defendant and initiated surveillance on his residence. Subsequently, an affidavit for a search warrant was prepared by Clearfield Police Detective Kyle Jeffries and the Second District Court, Davis County, Utah ("Utah District Court"), issued a search warrant. On September 28, 2009, law enforcement officers with the Salt Lake City DEA/Metro Narcotics Task Force and Davis County Narcotics Task Force executed the search warrant at the defendant's residence. On December 16, 2009, the government filed a superseding indictment charging the defendant with conspiracy to distribute 500 grams or more of methamphetamine, and possession with intent to distribute 500 grams or more of methamphetamine.

The defendant moves the court to suppress the evidence obtained through the wiretap order and search warrant on the ground that the affidavits in support of the wiretap order and search warrant lacked probable cause. Additionally, the defendant seeks an evidentiary hearing regarding the motion to suppress evidence obtained through the search warrant.

## DISCUSSION

**I.      Defendant's Motion to Suppress Evidence Obtained Through the Search Warrant**

The defendant contends that all evidence obtained through the execution of the search warrant should be suppressed because the affidavit in support of the warrant lacked probable cause.

In reviewing an affidavit for probable cause, the court employs a totality of the circumstances test. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As the United States correctly stated in its brief,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*Id.* at 238-39.

The United States Supreme Court has "repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236. Probable cause exists when the affidavit "sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001).

The defendant argues the affidavit lacked probable cause to issue a warrant for the search of the defendant's residence because the "affidavit does nothing to establish that [the defendant] had drugs, drug paraphernalia or proceeds from drug sales at his home." Defendant's

Memorandum in Support of Motion to Suppress Evidence Obtained Through Search Warrant at 9. The Tenth Circuit recognizes that there must be a nexus between suspected criminal activity and the place to be searched for a warrant to be proper. *United States v. Biglow*, 562 F.3d 1272, 1278-79 (10th Cir. 2009). Certain non-exhaustive factors relevant to the nexus analysis "include (1) the type of crime at issue, (2) the extent of a suspect's opportunity for concealment, (3) the nature of the evidence sought, and (4) all reasonable inferences as to where a criminal would likely keep such evidence." *Id.* at 1279. Moreover, "a sufficient nexus is established once 'an affidavit describes circumstances which would warrant a person of reasonable caution' in the belief that 'the articles sought' are at a particular place." *Id.* (quoting *United States v. $149,422.43*, 965 F.2d 868, 874 (10th Cir. 1992)).

In this case, the affidavit provided the Utah District Court with enough information for the district court judge to reasonably conclude that evidence of illegal drug activity would be found at the defendant's residence. Among other things, the affidavit indicated that the defendant was the subject of a Title III wiretap in Colorado dealing with drug activity, a motor vehicle containing two pounds of methamphetamine was observed traveling to and from the defendant's residence, and the owner of the vehicle had sold narcotics on four occasions to a confidential informant working for the Davis Metro Narcotics Task Force. Furthermore, a resident of the house–who was also an employee of the defendant–had previously advised police during an interview that he had methamphetamine at his residence. Under the totality of the circumstances, the court finds the district court judge had a substantial basis for concluding that probable cause existed to issue the search warrant for the defendant's residence. The

4

defendant's Motion to Suppress Evidence Obtained Through Search Warrant is denied.

In addition, the defendant requests that an evidentiary hearing be held on the matter. However, the defendant has not demonstrated a valid basis for an evidentiary hearing. An evidentiary hearing is warranted only when there are "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Because the defendant has not alleged deliberate falsehood or reckless disregard for the truth, the defendant's request for an evidentiary hearing is denied.

## II. Defendant's Motion to Suppress Evidence Obtained Through the Wiretap

The defendant asserts that all evidence obtained by the government through the wiretap on cellular telephone number 801-509-0620 should be suppressed because the affidavit in support of the wiretap order lacked probable cause. The Colorado District Court issued the wiretap order pursuant to § 16-15-102(1)(a) of the Colorado Revised Statutes Annotated, which states that "an ex parte order authorizing or approving the interception of any wire, oral, or electronic communication may be issued . . . upon . . . showing by affidavit that there is probable cause to believe that evidence" of any of the crimes enumerated in this section will be obtained. COLO. REV. STAT. ANN. § 16-15-102(1)(a). Moreover, the statute provides for suppression of the contents of the intercepted communications if the communications or the evidence derived therefrom was obtained in violation of the statute. COLO. REV. STAT. ANN. § 16-15-102(10).

Colorado courts have stated that the probable cause requirement in the wiretap statute is "analogous to the probable cause requirement for search warrants." *People v. Corr*, 682 P.2d 20,

30 (Colo. 1984). Accordingly, the standards discussed above that are applied in determining whether a search warrant shows probable cause should be applied when determining whether an affidavit supporting a wiretap order shows probable cause.

The defendant asserts that the affidavit lacked probable cause because it was based on telephone conversations that were conducted in Spanish, and Officer McCaslin "did not inform the court with precision what was said in Spanish or provide the court with a translation of the original Spanish to English." Defendant's Memorandum in Support of Motion to Suppress Evidence Obtained Through Interception of Electronic Communications at 7, No. 66 (Aug. 31, 2010). Additionally, the defendant alleges the affidavit lacked probable cause because Officer McCaslin stated what she believed the conversations meant without "explain[ing] the basis for her belief." *Id.* at 8.

The court disagrees with the defendant's characterizations of the affidavit. Although Officer McCaslin did not provide the magistrate judge with a complete transcript of the conversations giving rise to her affidavit, she does not need to. Officer McCaslin described each conversation with sufficient detail to allow the authorizing judge to make a reasonable conclusion. The affidavit describes each conversation relied upon by Officer McCaslin, including the date of the conversation, the time of day the conversation took place, and a detailed summary of what was said. Moreover, while Officer McCaslin stated her belief that two individuals eventually met to exchange money, such a conclusion is easily reached from the contents of the conversations detailed in the affidavit. Analyzing the totality of the circumstances, the court finds that the information in the affidavit provided a sufficiently

detailed statement of underlying facts and circumstances upon which the magistrate judge could reasonably conclude that the telephone was being used in connection with illegal drug activities. Accordingly, the affidavit for the wiretap order provided probable cause.

## CONCLUSION

Having determined that the Utah District Court was provided probable cause to issue a search warrant for the defendant's residence and that there is no basis for an evidentiary hearing, and having further determined that the Colorado District Court was provided probable cause to issue a wiretap order, the defendant's Motion to Suppress Evidence Obtained Through Search Warrant and Motion to Suppress Evidence Obtained Through Interception of Electronic Communications are DENIED.

DATED this 7th day of December, 2010.

_____
Dee Benson
United States District Court Judge